```
           IN THE UNITED STATES DISTRICT COURT
         FOR THE MIDDLE DISTRICT OF PENNSYLVANIA


GISELA GRAMMEL,
          Plaintiff,
     vs.
                                  :   CIVIL ACTION

                                  :   NO. 11-CV-00698
 CHRISTOPHER C. CONNER,
           Defendant.
```

### MEMORANDUM AND ORDER

**JOYNER, C.J.**                                    **July 27, 2011**

Presently pending before this Court is the Motion for Dismissal of Plaintiff Gisela Grammel's Complaint filed by Defendant, Christopher C. Conner, pursuant to Fed. R. Civ P. 12 (b)(6). For the reasons outlined in the following paragraphs, the Motion is granted and the Complaint is dismissed.

### BACKGROUND

According to the allegations set forth in the Complaint,[1] Plaintiff rented a property located at 28 Dapp Lane in Mechanicsburg, Pennsylvania from Defendant. (Complaint, ¶8). Plaintiff alleges that the relationship between her and the Defendant was not "good" because of Defendant's dislike for her visitors. These visitors included one Rodney Watkins, the manager of a skate board team of which Plaintiff's son was a

---

[1] Jurisdiction in this case is based on 28 **U.S.C. §** 1331, federal question jurisdiction, and based on 28 U.S.C. § 1343(a) (3)&(4), civil rights and elective franchise.

member.  In order to maintain her son's membership with the skate board team, Plaintiff would transport, shelter, and provide food to the team.  (Complaint, ¶s 9-12).

In early June 2009, Plaintiff was moving out of the above-mentioned property.  (Complaint, ¶14).  Plaintiff rented a truck and Rodney Watkins and a number of the skate board team members agreed to help her with the move "in return for food, some limited cash renumeration (sic), and her expected continued support of the skate board team."  (Complaint, ¶16).  On the day of the move, Defendant and his wife came to the property.  Plaintiff alleges that while Defendant was approaching the house, Defendant, in the presence of Mr. Watkins, said "Would you look at this, they've got a little bit of everything in there."  (Complaint, ¶s17, 19).  According to the Complaint, Mr. Watkins interpreted Defendant's remark as one concerning the racial composition of the skate board team and to mean that Defendant did not want the team on his property.  The team members and Mr. Watkins left and decided they would come back the next day to finish the move.  Consequently, Plaintiff needed to rent out the truck for an additional day, costing her more money.  (Complaint, ¶s20-21).

On April 13, 2011, Plaintiff commenced this lawsuit alleging that Defendant intentionally interfered with her right to contract in violation of 42 U.S.C. § 1981.  Essentially,

Plaintiff alleges that Defendant's comment constituted an intentional racial insult directed at Mr. Watkins and the skate board team members and that she suffered damages as a result by having her move delayed by a day and having to incur an additional day of rental charges for the moving truck.  She also seeks damages for pain and suffering, embarrassment and humiliation, for emotional distress, and punitive damages.  Defendant moves to dismiss Plaintiff's complaint for failure to state a claim upon which relief may be granted.

### STANDARD OF RE

Under Rule 8 of the Federal Rules of Civil Procedure, a plaintiff's complaint must contain a "short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a).  Under this Rule, a pleading "does not require 'detailed factual allegations,' but it demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation.'" Ashcroft v. Iqbal, 129 S. Ct. 1937, 1949, 173 L. Ed 2d 868, 883 (2009) (quoting Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555, 127 S. Ct. 1955, 1964, 167 L. Ed. 2d 929, 940 (2007)). Although detailed factual allegations are not required, a complaint that "tenders 'naked assertion[s]' devoid of 'further factual enhancement"' is not sufficient.  Id. (citing Twombly, 550 U.S. at 555).

Federal Rule of Civil Procedure 12(b)(6) states that a

complaint may be dismissed for "failure to state a claim upon which relief can be granted." Fed. R. Civ. P. 12 (b)(6). In order to survive such a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to "state a claim to relief that is plausible on its face." Iqbal, 129 S. Ct. at 1949 (quoting Twombly, 550 U.S. at 570). In Iqbal, the Supreme Court outlined a two-part analysis that district courts must conduct when reviewing a complaint challenged under Rule 12(b)(6). Flower v. UPMC Shadyside, 578 F. 3d 203, 210-11 (3rd Cir. 2009). The district court must first separate the "factual and legal elements of a claim" and "accept all of the complaint's well pleaded facts as true, but may disregard any legal conclusions." Id. (quoting Iqbal, 129 S. Ct. at 1949). Second, the district court must determine whether the facts alleged in the complaint are sufficient to show that the plaintiff has a 'plausible  claim for relief." Id. (quoting Iqbal, 129 S. Ct. at 1950).

## DISCUSSION

As noted, Plaintiff commenced the instant lawsuit against Defendant pursuant to 42 U.S.C. § 1981, which provides as follows:

> (a) Statement of equal rights. All persons within the jurisdiction of the United States shall have the same right in every State and Territory to make and enforce contracts, to sue, be parties, give evidence, and to the full and equal benefit of all laws and proceedings for the security of persons and property as is enjoyed by white citizens, and

>shall be subject to like punishment, pains, penalties, taxes, licenses, and exactions of every kind, and to no other.
>
>(b) "Make and enforce contracts" defined.  For purposes of this section, the term "make and enforce contracts" includes the making, performance, modification, and termination of contracts, and the enjoyment of all benefits, privileges, terms, and conditions of the contractual relationship.
>
>(c) Protection against impairment.  The rights protected by this section are protected against impairment by nongovernmental discrimination and impairment under color of State law.

Section 1981, however, can be violated only by purposeful discrimination.  <u>General Bldg. Contractors Ass'n. v. Pennsylvania</u>, 458 U.S. 375, 391, 102 S. Ct. 3141, 3150, 73 L. Ed.2d 835 (1982).  Generally, in order to establish a prima facie case under §1981, a plaintiff must allege facts showing: (1) that plaintiff is a member of a racial minority, (2) intent to discriminate on the basis of race by the defendant, and (3) discrimination concerning one or more of the activities enumerated in the statute which includes the right to make and enforce contracts, to sue, be parties, and give evidence.  <u>See</u>, <u>Brown v. Philip Morris Inc.</u>, 250 F.3d 789, 797 (3d Cir. 2001); <u>Yelverton v. Lehman</u>, No. 94-6114, 1996 U.S. Dist. LEXIS 7651 at *20-21 (E.D. Pa. June 3, 1996). Despite this general rule, a plaintiff need not necessarily be a member of a racial minority to bring a §1981 claim - "a white person who is injured as a result of his or her efforts to defend the rights of non-whites

has standing to sue under §1981." Schulz v. Wilson, No. 08-1203, 304 Fed. Appx. 116, 119, 2008 U.S. App. LEXIS 26248 at *6 (3d Cir. Dec. 9, 2008).

Additionally, 51981 claims are typically evaluated under the same standards as are Title VI and/or Title VII claims. See, e.g., Oliva v. N.J. Department of Law and Public Safety, 604 F.3d 788, 798 n. 14 (3d Cir. 2010); Pryor v. Nat'l Collegiate Athletic Ass'n, 288 F. 3d 548, 569 (3d Cir 2002). Thus, to establish a prima facie case of 51981 discrimination, the plaintiff may either rely on direct evidence of discrimination or she may rely on circumstantial evidence. Stewart v. Rutgers, State Univ., 120 F. 3d 426, 431 (3d Cir. 1997). When relying on circumstantial evidence, Plaintiff must follow the burden shifting analysis of McDonnell Douglas Crop. v. Green, 411 U.S. 792, 93 Ct. 1817, 36 L. Ed. 2d 668 (1973). If a 51981 Plaintiff succeeds in establishing a prima facie case of intentional discrimination, the burden then shifts to the defendant to articulate a legitimate, nondiscriminatory reason for the defendant's conduct. McDonnell, 411 U.S. at 802; Stewart, 120 F 3d at 431-432. The burden then shifts once again to the plaintiff to demonstrate that the defendant's articulated nondiscriminatory reason was a pretext for discriminatory conduct. Id.

In application of the foregoing principles, we first note

that nowhere in the Complaint does Plaintiff mention her race, Defendant's race, or the race of the members of the skate board team.  Plaintiff only mentions the race of Rodney Watkins in the introduction to her Complaint, describing Mr. Watkins as "a man of color."  Further lacking from the complaint are any allegations as to whether the Plaintiff herself was present when the Defendant made this comment, whether she even heard the remark and/or how Plaintiff may have defended Mr. Watkins.  However, even assuming, arguendo and giving Plaintiff the benefit of all doubt that these allegations are sufficient to confer standing upon her, we find that the complaint nevertheless still fails to state a claim upon which relief may be granted under § 1981.

As noted, Plaintiff is required to show that defendant intentionally discriminated against Mr. Watkins and the skate board team because they belonged to an "identifiable class of persons who are subjected to intentional discrimination solely because of their ancestry or ethnic characteristics."  See St. Francis College v. Al-Khazraji, 481 U.S. 604, 613, 107 S. Ct. 2022, 2028, 95 L. Ed. 2d 582, 592 (1987).  "Conclusory allegations of generalized racial bias do not establish discriminatory intent."  Flagg v. Control Data, 806 F. Supp 1218, 1223 (E.D. Pa. 1992).  See also, Doe v. Sizewise Rentals, LLC, No. 09-3409, 2010 U.S. Dist Lexis 1234623, at *5 (D.N.J Nov. 22,

2010) (dismissing section 1981 claim against defendants because plaintiff's complaint only contained "conclusory statements and speculation of discrimination").

In the present case, the plaintiff does not allege evidence of direct discrimination and the only circumstantial evidence is one, isolated remark made by Defendant to his wife: "Would you look at this, they've got a little bit of everything in there." Although Plaintiff alleges that it was clear that Defendant was referring to the different races of the members of the skate board team, we cannot agree.  For one, the statement is altogether silent as to the issue of race.  Indeed, viewing the comment in the context of the extant circumstances, i.e., Plaintiff's move, a more reasonable interpretation is that Defendant was making an observation on the variety of Plaintiff's belongings.  Regardless of interpretation, however, the remark is on its face race-neutral and race-neutral remarks generally do not, in and of themselves, give rise to §1981 causes of action. See, e.g., Schultz v. Wilson, supra.(remark that Plaintiffs were playing "n      music" at their party held insufficient in and of itself to create a genuine issue as to whether Defendant's decision to close party down was motivated by racial animus); Peteete v. Asbury Park Police Department, 2010 U.S. Dist. LEXIS 131411 (D. N.J. Dec. 13, 2010)(comment made to Plaintiff in response to her having expressed concern about who would care for

her children while she was incarcerated that "Hopefully, you are never coming home, maybe they are better off" held race-neutral and inadequate to evince an intent to discriminate in arrest of plaintiff).

What's more, Defendant is not alleged to have directed his comment to either Rodney Watkins or any member of the skate board team.  Instead, he is alleged to have directed the remark to his wife.  Nowhere in the complaint are there any averments that Defendant took any other actions to cause Mr. Watkins and the skate board team to leave.  Accordingly, given the complete absence of any other alleged facts, we find that Plaintiff has failed to sustain her burden of pleading intentional discrimination on the part of this Defendant.  As such, her claim for relief under Section 1981 fails.

## CONCLUSION

For the foregoing reasons, Defendant's Motion to Dismiss pursuant to Fed. R. Civ. P. 12(b)(6) is granted in accordance with the attached Order.

```
          IN THE UNITED STATES DISTRICT COURT
         FOR THE MIDDLE DISTRICT OF PENNSYLVANIA


GISELA GRAMMEL,
            Plaintiff

   vs.                             : CIVIL ACTION

CHRISTOPHER C. CONNER,
            Defendant    : NO. 11-CV-00698
```

### ORDER

AND NOW, this   27th   day of July, 2011, upon consideration of Defendant's Motion to Dismiss Plaintiff's Complaint (Doc. No. 5) and Plaintiff's Response in opposition thereto, it is hereby ORDERED that the Motion is GRANTED for the reasons set forth in the preceding Memorandum Opinion and Plaintiff's Complaint is DISMISSED with prejudice.

```
                              BY THE COURT:



                              s/J. Curtis Joyner
                              J. CURTIS JOYNER,     C.J.
```